UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**     :
                                 :
     v.                          :     Cr. No. 07-108 (RMU)
                                 :
**VINCENT RAY ROBERTS**          :

**MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Mr. Vincent Ray Roberts, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him. Mr. Roberts requests an evidentiary hearing on this motion. In support of this motion, Mr. Roberts submits the following.

Factual Background

Mr. Roberts is charged in a one count indictment with unlawful possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(I). The charge arose out of an incident that occurred on March 26, 2007.

On that date, officers of the Metropolitan Police Department stopped and arrested Mr. Roberts while he was on a Trailways bus located at 1005 1st Street, N.E. According to the officers, they searched Mr. Roberts and found plastic bags containing a tan powder that field tested positive for opiates. The officers did

not have probable cause to arrest Mr. Roberts, and the stop, arrest and search of Mr. Roberts violated his Fourth Amendment rights.

## Argument

Probable cause is an essential prerequisite to an arrest. <u>Dunaway v. New York</u>, 442 U.S. 200, 213 (1979). Mr. Roberts was arrested at the point that the police officer stopped him. At that point, the police had no information that suggested that Mr. Roberts had committed a crime. The warrantless arrest of Mr. Roberts, therefore, was unlawful. The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. Roberts. <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as the fruit of the unlawful warrantless search of Mr. Roberts. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are <u>per se</u> unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth

Amendment.  Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, 389 U.S. 347, 357 (1967).  Here, the police officers did not have a search warrant to search Mr. Roberts.  Because Mr. Roberts was not lawfully under arrest at the time of the search, there is no applicable exception to the warrant requirement.  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Roberts must be suppressed.

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Roberts respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized from him.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**     :
                                 :
      v.                          Cr. No. 07-108 (RMU)
                                 :
**VINCENT RAY ROBERTS**          :


### ORDER

Upon consideration of Defendant's Motion to Suppress Tangible Evidence and finding good cause shown, it is this ___ day of _____, 2007, hereby

ORDERED that the motion is GRANTED.


                                                  _____
                                                  THE HONORABLE RICARDO M. URBINA